UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>ROBERT BRENDEN,<br>Defendant. | 5:20-CR-50051-KES-15<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

Defendant, Robert Brenden, filed a pro se motion under 18 U.S.C. § 3582(c)(2) requesting a reduction to his sentence pursuant to a new retroactive Sentencing Guidelines provision. Docket 602. Plaintiff, the United States of America, opposes Brenden's motion. Docket 606. For the following reasons, Brenden's motion for a sentence reduction is denied.

**DISCUSSION**

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach[.]" *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have

been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1) (alteration in original)). If the amendment would not have altered the defendant's sentencing range, even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

"At step two . . . § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *See Dillon*, 560 U.S. at 827. Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted[.]" U.S.S.G. 1B1.10, cmt. n.1(B)(i). "Once a district court determines that a defendant is eligible for a sentence reduction, it has 'substantial discretion' to choose whether to reduce the sentence[.]" *United States v. Burnell*, 2 F.4th 790, 792 (8th Cir. 2021) (quoting *United States v. Hoskins*, 973 F.3d 918, 921 (8th Cir. 2020)). Subject to limitations set forth in § 1B1.10(b), a court may consider all pertinent information in applying the § 3553(a) factors and determining whether and by

how much to reduce a defendant's sentence. *Dillon*, 560 U.S. at 821-22.

On May 24, 2021, Robert Brenden pleaded guilty to the Superseding Indictment, which charged Brenden of one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 836, 841(a)(1), and 841(b)(1)(A). Docket 289. Based on his presentence report, Brenden had a subtotal criminal history score of 11 but, because he committed the relevant offense here while under a criminal justice sentence for possession of controlled drug or substance-oxycodone, two points were added for a total criminal score of 13. Docket 418 ¶¶ 43, 44. Brenden's Guideline range, based on a total offense level of 27 and a criminal history category of VI, was 130 to 162 months in custody. *Id.* ¶ 78. On August 13, 2021, the court granted defendant's motion for a downward departure (Docket 412) and sentenced Brenden to 120 months imprisonment. Docket 439 at 2; Docket 439-1 at 2.

On September 18, 2026, Brenden filed a motion requesting a reduction to his sentence, based on a new retroactive Sentencing Guidelines revision under 18 U.S.C. § 3583(c)(2). Docket 602. He asserts that he qualifies for a sentence reduction under Part A of Amendment 821, which modified U.S.S.G. § 4C1.1(e) to eliminate the two criminal history "status points" previously applied for committing a federal offense while under a criminal justice sentence. *Id.* at 1-2; *see* U.S.S.G. § 1B1.10(e)(2) (Nov. 1, 2023). Brenden does not request a specific alternative sentence. *See generally* Docket 602.

The United States agrees that Brenden meets all of the criteria to be eligible for a sentence reduction under Part A of Amendment 821. Docket 606

at 3. But the government requests that the court deny Brenden's motion for a sentence reduction because he received a sentence of 120 months, which is at the bottom end of his amended Guideline range and the mandatory minimum for the offense. Docket 606 at 3.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). Thus, a person who received 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise received 6 criminal history points or fewer receives no "status points." The Commission decreed that this change applies retroactively. *See* U.S.S.G. § 1B1.10(e)(2) (Nov. 1, 2023).

Brenden meets the criteria under amended U.S.S.G. § 4A1.1(e) for a one-point reduction. Because Brenden had a subtotal criminal history score of 11, he receives one "status" point, which gives him a total of 12 criminal history points. That decrease places him in Criminal History Category V, which, when coupled with his total offense level of 27, reduces his advisory Guideline range to 120-150 months in custody. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table). But the amendment makes no difference in Brenden's case. He already received a sentence of 120 months, the bottom end of an amended sentence

and the mandatory minimum. Because Brenden received the mandatory minimum sentence, his request for a sentence reduction is denied.

**CONCLUSION**

Thus, it is

ORDERED that Brenden's motion (Docket 602) is DENIED.

Dated November 3, 2026.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE